**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x
NICKIE KANE,                                                 **No. 22 Civ. 1339 (RER) (LB)**

        Plaintiff,

    -v-

CITY OF NEW YORK and METROPOLITAN
TRANSPORTATION AUTHORITY ("MTA") -
NEW YORK CITY TRANSIT,

        Defendants.
------------------------------------------------------------------ x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT MTA NEW YORK CITY TRANSIT'S**
**<u>MOTION TO DISMISS</u>**

## **TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................... 1

    I.      Plaintiff Still Fails To Allege A Plausible Violation Of The ADA ......................... 1

          A.    Plaintiff Has Not Plausibly Alleged A Disability Under The ADA ................. 1

          B.    Plaintiff Has Not Plausibly Alleged A Failure By NYCT To Provide Her Service .................................................................................................... 3

          C.    Plaintiff Has Not Plausibly Alleged That NYCT Failed To Provide Service Because Of Plaintiff's Purported Disability ........................................... 4

          D.    Plaintiff Has Not Plausibly Alleged That Plainitiff Was "Regarded As" Having A Disability ............................................................................. 5

          E.    Plaintiff Has Not Plausibly Alleged That Her Dog Was A Service Animal Entitling Her To A Reasonable Accomodation ....................................... 6

          F.    Plaintiff Has Not Plausibly Alleged A Disparate Treatment Or Disparate Impact Theory Under The ADA ........................................................... 7

    II.    Plaintiff's Remaining Claims Are Already Properly Dismissed ........................... 7

    III.   The Amended Complaint Should Be Dismissed With Prejudice .......................... 8

CONCLUSION ............................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Andino v. Fischer*, 698 F. Supp. 2d 362 (S.D.N.Y. 2010) ............................................................... 5

*Ayyad-Ramallo v. Marine Terrace Assocs. LLC*, 2014 WL 2993448 (E.D.N.Y. May 30, 2014) .. 6

*Cain v. Mandl Coll. of Allied Health*, 2017 WL 2709743 (S.D.N.Y. June 22, 2017), *appeal dismissed sub nom.*, *Cain v. Weiner*, 2017 WL 6880083 (2d Cir. Nov. 8, 2017) ............... 1, 2, 7

*Camarillo v. Carrols Corp.*, 518 F.3d 153 (2d Cir. 2008) ............................................................. 3

*Campbell v. Rackoff*, 2014 U.S. Dist. LEXIS 124553 (E.D.N.Y. Jan. 27, 2014), *report and recommendation adopted*, 2014 WL 4199722 (E.D.N.Y. Aug. 22, 2014) ................................. 8

*Dean v. Westchester Cty. P.R.C.*, 309 F. Supp. 2d 587 (S.D.N.Y. 2004) ....................................... 2

*Dipinto v. Westchester Cty.*, 2023 WL 1438721 (S.D.N.Y. Feb. 1, 2023) ..................................... 5

*Doe v. United States Sec'y of Transp.*, 2018 WL 6411277 (S.D.N.Y. Dec. 4, 2018) .................... 4

*Hyde v. Caputo*, 2001 WL 521699 (E.D.N.Y. May 11, 2001) ....................................................... 8

*Kelly v. N.Y.S. Off. of Mental Health*, 200 F. Supp. 3d 378 (E.D.N.Y. 2016) ............................... 3

*Lunny v. Soldato*, 2014 U.S. Dist. LEXIS 94116 (N.D.N.Y. June 16, 2014) ................................ 5

*Oyer v. New York*, 2020 WL 5642186 (W.D.N.Y. Sep. 22, 2020) ................................................. 2

*Ramirez v. N.Y.C. Bd. of Educ.*, 481 F. Supp. 2d 209 (E.D.N.Y. 2007) ........................................ 5

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129 (2d Cir. 1993) ........................................................ 9

*Sakon v. Connecticut*, 2023 WL 5042476 (D. Conn. Aug. 8, 2023) ............................................. 2

*Stephens v. Shuttle Assocs., L.L.C.*, 547 F. Supp. 2d 269 (S.D.N.Y. 2008) ................................... 3

*Storonsky v. Nat'l R.R. Passenger Corp.*, 2023 WL 3901693 (W.D.N.Y. June 8, 2023) .............. 4

*Tran Beadle v. Postal*, 2017 WL 1731683 (D. Haw. May 2, 2017) .............................................. 6

*Wallace v. Conroy*, 945 F. Supp. 628 (S.D.N.Y. 1996) ................................................................. 9

**Statutes**

42 U.S.C. § 12201(h) ...................................................................................................................... 5

Defendant MTA-NYCT ("NYCT")[1] respectfully submits this reply memorandum of law in further support of its motion to dismiss Plaintiff's Amended Complaint (ECF No. 9) pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

**I.     Plaintiff Still Fails To Allege A Plausible Violation Of The ADA**

Plaintiff's opposition ("Opp.," ECF No. 18) repeats the same barebone allegations from her Amended Complaint: that Plaintiff has certain disabilities; that her dog is a service animal; and that, on <u>one</u> day, while interacting with <u>one</u> bus operator, she had to leave <u>one</u> bus because of her dog. Even read liberally, many of these allegations continue to lack the threshold level of plausible detail to allege the necessary elements of an ADA claim. And even accepted as true, the incident, while rude and inconvenient for Plaintiff, amounts to a <u>single</u> incident that does <u>not</u> amount to a plausible violation of the ADA. Plaintiff's ADA claim—her sole surviving claim—should be dismissed.

**A.     Plaintiff Has Not Plausibly Alleged A Disability Under The ADA**

Although listing the same alleged disabilities as her Amended Complaint (*see* Opp. ¶¶ 1, 5), Plaintiff's opposition still fails to allege a plausible disability under the ADA because she "fails to explain the extent to which any major life activity has been <u>substantially</u> limited" by her alleged disabilities. *Cain v. Mandl Coll. of Allied Health*, 2017 WL 2709743, at *7 (S.D.N.Y. June 22, 2017) (emphasis added), *appeal dismissed sub nom.*, *Cain v. Weiner*, 2017 WL 6880083 (2d Cir. Nov. 8, 2017).

---

[1] Unless otherwise indicated, defined terms are the same as in the Memorandum of Law In Support Of Defendant MTA New York City Transit's Motion To Dismiss ("Mem.," ECF No. 15).

1

At most, Plaintiff now alleges that her purported disabilities sometimes (although, notably, not on the day of the incident) cause her to be "unable to think clearly and go[] into flight or fight mode" or to sometimes experience "depression symptoms." Opp. ¶ 1. Even if, *arguendo*, these were connected to major life activities, the allegations would still be insufficient because these alleged symptoms—*e.g.*, not thinking clearly, feeling depressed—are "occasionally" experienced by "virtually all" people. *Oyer v. New York*, 2020 WL 5642186, at *12 (W.D.N.Y. Sep. 22, 2020) (rejecting purported disability under the ADA based on alleged PTSD substantially limiting a plaintiff's ability to perform work when the alleged symptoms were ones that "occasionally" impacted "virtually all employees"). A disability under the ADA requires an alleged affliction "worse than is suffered by a large portion of the nation's population," where "the degree of limitation [s]he suffers is substantial," and where the "Plaintiff actually suffered from these alleged [disabilities] at the time" of the alleged incident. *Dean v. Westchester Cty. P.R.C.*, 309 F. Supp. 2d 587, 595 (S.D.N.Y. 2004) (dismissing alleged ADA violation for failing to plausibly plead that plaintiff's depression "substantially limits" a major life activity).

Plaintiff does not need "to create new language to describe her symptoms" (Opp. ¶ 5), but she does need to allege more, both generally about her symptoms and specifically as to the incident, than alleged here to state a plausible ADA claim. Having not done so, and her claim should be dismissed. *See, e.g.*, *Sakon v. Connecticut*, 2023 WL 5042476, at *12 (D. Conn. Aug. 8, 2023) (dismissing ADA claim that failed "to describe any functional limitations the plaintiff experienced on the relevant dates mentioned in the Amended Complaint"); *Cain*, 2017 WL 2709743, at *7-8 (allegation that PTSD caused "insomnia and loss of appetite as well as confusion, and obsessive thinking" insufficient to allege disability under the ADA plausibly

2

without "detailing the frequency, duration, or severity of any limitations on a life activity caused by her PTSD"); *Kelly v. N.Y.S. Off. of Mental Health*, 200 F. Supp. 3d 378, 393 (E.D.N.Y. 2016) (dismissing complaint lacking factual support that alleged "anxiety, depression, and hypertension" substantially limited purported major life activities); *see also* Mem. 8-9.

### B. Plaintiff Has Not Plausibly Alleged A Failure By NYCT To Provide Her Service

Equally important, Plaintiff has still not plausibly alleged that NYCT failed to provide her service in violation of the ADA. Plaintiff does not dispute (nor could she) that her allegations concern a single incident on a single day with a single bus operator. Even accepted as true, Plaintiff's allegations amount to the definition of "one isolated incident" that "may have been rude or insensitive to persons with disabilities" but which does not rise to an ADA violation. *Stephens v. Shuttle Assocs., L.L.C.*, 547 F. Supp. 2d 269, 278 (S.D.N.Y. 2008);

*Stephens* is illustrative. There, the plaintiff, who relied on a power wheelchair and sometimes had difficulty speaking, was told by the bus operator to power off her wheelchair while riding the bus. *See* 547 F. Supp. 2d at 273. The plaintiff asked why, the bus operator did not explain, and, after plaintiff refused to comply, the bus operator demanded that all the passengers leave that bus and take the next one. *See id.* After a delay, the plaintiff ultimately used the same bus service to get to her destination, but with a different driver. *See id.* The court dismissed the complaint, rejecting that these allegations concerning a single incident amounted to either a failure by the bus service to provide service or to have proper policies and procedures pursuant to the ADA. *See id.* at 277-78.

Plaintiff's incident, which mirrors *Stephens*, warrants the same result. An ADA violation is "more than mere rudeness or insensitivity, and more than one or two isolated mistakes," which is all that Plaintiff alleges. *Camarillo v. Carrols Corp.*, 518 F.3d 153, 157 (2d Cir. 2008). There

3

is no plausible allegation that this single bus operator's purported behavior was "representative of a broader policy or practice among employees" at NYCT, *Storonsky v. Nat'l R.R. Passenger Corp.*, 2023 WL 3901693, at *26 (W.D.N.Y. June 8, 2023) or that Plaintiff has experienced "a pattern of repeated conduct" while using NYCT services, *Doe v. United States Sec'y of Transp.*, 2018 WL 6411277, at *26 (S.D.N.Y. Dec. 4, 2018). Plaintiff does not even dispute that she continues to use NYCT buses. *See* Am. Compl. ¶ 51. Without a plausible denial of service by NYCT, Plaintiff's ADA claim should be dismissed. *See* Mem. 8-9 & n.8.

      **C. Plaintiff Has Not Plausibly Alleged That NYCT Failed To Provide Service Because Of Plaintiff's Purported Disability**

In any event, Plaintiff has still failed plausibly to allege that any purported denial of service was due to Plaintiff's alleged disability. Plaintiff contends that the bus operator "was very clear as to why she wanted the Plaintiff to exit the bus" (Opp. ¶ 3) and that "the driver[']s actions were in direct response to the Plaintiff's dog," Opp. ¶ 6; *see also* Opp. ¶ 4. Even accepted, *arguendo*, that the bus operator's motivations were clear, these allegations highlight a relevant distinction for the ADA that undermines Plaintiff's claim: The bus operator's actions were motivated by Plaintiff's <u>dog</u>, not Plaintiff's <u>disability</u>. *See, e.g.*, Am. Compl. ¶ 11 (driver told Plaintiff to leave the bus "<u>because of the service animal (dog)</u>" (emphasis added)). Indeed, Plaintiff claims that the bus operator did not even think that Plaintiff's dog was a service animal (*see* Opp. ¶ 3), indicating that the bus operator did not believe that Plaintiff had a disability.[2]

The Amended Complaint lacks plausible allegations that Plaintiff was not allowed on the bus "because of [her] disability" rather than because of her dog, which is fatal to Plaintiff's ADA

---

[2] Neither Plaintiff's allegations concerning the behavior of a <u>passenger</u> on the bus (*see* Opp. ¶ 3) nor Plaintiff's arguments about things that the bus operator did <u>not</u> say to Plaintiff or the bus operator's supervisor (*see* Opp. ¶¶ 1, 3, 6) add plausible support that the bus operator's purported behavior was motivated by disability discrimination.

4

claim and warrants dismissal. *Andino v. Fischer*, 698 F. Supp. 2d 362, 379 (S.D.N.Y. 2010) (dismissing ADA claim when, "[a]side from giving conclusory statements," plaintiff gave no "reason or indication" that he was denied service because of PTSD when there were no "statements to indicate the denial was based on his disability" or other supporting evidence alleged); *see also Lunny v. Soldato*, 2014 U.S. Dist. LEXIS 94116, at *14-15 (N.D.N.Y. June 16, 2014) ("The fact that plaintiff 'has' a disability does not automatically turn all defendant's conduct into disability discrimination."). Accordingly, Plaintiff's ADA claim should be dismissed. *See* Mem. 10-11.

### D. Plaintiff Has Not Plausibly Alleged That Plainitiff Was "Regarded As" Having A Disability

Plaintiff's argument that the ADA "covers individuals who are discriminated against because they were perceived as disabled" (Opp. ¶ 7) elides over important legal and factual issues for her allegations that also require dismissal.

*First*, Plaintiff does not dispute (as she cannot) that a reasonable accommodation ADA claim cannot be supported under the ADA's "regarded as" prong. *See* 42 U.S.C. § 12201(h); *Dipinto v. Westchester Cty.*, 2023 WL 1438721, at *17 (S.D.N.Y. Feb. 1, 2023) ("Plaintiff's failure to accommodate claim based on his perceived disability fails as a matter of law."). To the extent Plaintiff relies on this prong of the ADA to support her reasonable accommodation claim, that claim must be dismissed. *See* Mem. 11-12.

*Second*, and in any event, the Amended Complaint insufficiently alleges that the bus operator "perceived [Plaintiff] as substantially limited in the major life activit[ies]" alleged since "awareness . . . of the alleged ailments" or even "knowledge" is insufficient under the ADA. *Ramirez v. N.Y.C. Bd. of Educ.*, 481 F. Supp. 2d 209, 220 (E.D.N.Y. 2007). To the contrary, as discussed above, Plaintiff's allegations reflect that the bus operator did not perceive Plaintiff as

5

having a disability. *See* Section I.C *supra*. Accordingly, any claim alleged under the ADA's "regarded as" prong should be dismissed. *See* Mem. 11.

      **E.**      **Plaintiff Has Not Plausibly Alleged That Her Dog Was A Service Animal Entitling Her To A Reasonable Accomodation**

While Plaintiff's opposition adds new allegations about her alleged service dog (*see* Opp. ¶ 1), Plaintiff still does not plausibly allege that the dog is a service animal entitled to a reasonable accommodation under the ADA. Plaintiff's opposition states that Plaintiff's dog "is trained to help her get centered when her [PTSD] is triggered." Opp. ¶ 1. That single statement—which is Plaintiff's only allegation concerning the training of the dog—is insufficient to plausibly allege that her dog was sufficiently trained, as is statutorily required, to qualify as a service dog under the ADA.[3] *See* 28 C.F.R. § 36.104 (service animal must be a dog "that is individually trained to do work or perform tasks . . . directly related to the individual's disability"); *see also Ayyad-Ramallo v. Marine Terrace Assocs. LLC*, 2014 WL 2993448, at *28, 38-40 (E.D.N.Y. May 30, 2014) (dismissing ADA claim when, *inter alia*, plaintiff's primary evidence of her purported service animal's training was a certificate from the dog's trainer acknowledging ability to perform tasks to assist plaintiff). Without a plausibly alleged service animal, Plaintiff was not entitled to a reasonable accommodation, and her ADA claim should be dismissed. Mem. 12-14.

---

[3] The other new allegations about Plaintiff's dog—that he "reminds her to take her medication" and assists her with "getting out of bed when she is experiencing depression symptoms" (Opp. ¶ 1)—are not plausibly related to Plaintiff's use of a bus or plausibly justify the reasonable accommodation Plaintiff was allegedly denied. *See Tran Beadle v. Postal*, 2017 WL 1731683, at *10 (D. Haw. May 2, 2017) (dismissed ADA violation when complaint did not plausibly allege why it was "reasonably necessary" for the defendant to allow the plaintiff to bring his purported service animal into the store "to accommodate Plaintiff's disability").

6

### F. Plaintiff Has Not Plausibly Alleged A Disparate Treatment Or Disparate Impact Theory Under The ADA

Finally, Plaintiff does not contest (nor could she) that the Amended Complaint fails to allege a plausible ADA violation brought under either a disparate treatment or disparate impact theory. *See* Mem. 14-15 (discussing the absence in the Amended Complaint of plausible allegations concerning other, similarly situated passengers or facially neutral policies or practices). Accordingly, to the extent any remain, this Court should dismiss those claims as well.

## II. Plaintiff's Remaining Claims Are Already Properly Dismissed

Plaintiff does not dispute (nor could she) that this Court only permitted her ADA claims to proceed in its January 11, 2024 Order (*see* ECF No. 10), or that, to the extent any of her state law claims were not already dismissed, that should this Court should decline to exercise jurisdiction over them should it dismiss Plaintiff's ADA claim for any of the reasons discussed above, *see, e.g.*, *Cain*, 2017 WL 2709743 at *13 (finding it "inappropriate to adjudicate Plaintiff's state law claims" after dismissing federal claims); *see also* Mem. 15-16.

In any event, the Amended Complaint's state law claims were properly dismissed because each fail as a matter of law.

Plaintiff's common law tort claims fail because she did not file a timely Notice of Claim with the NYCT concerning her alleged incident, which Plaintiff does not dispute. *See* Opp. ¶ 2. Instead, Plaintiff appears to argue that established New York State statutory requirements should not apply to her because (i) it was difficult to know which entity "applied to the bus division" and (ii) court filings were "paused" during the pandemic. Opp. ¶ 2. Plaintiff's other allegations undermine these arguments, since she concedes that she successfully filed a claim with the Comptroller during the same period, *see* Am. Compl. ¶¶ 33-34, and she does not dispute that the Comptroller's website states that notice must be filed separately with the MTA and its

subsidiaries and affiliates, separately lists NYCT, and nowhere suggests it is a court filing, *see* Mem. 2 n.4. These arguments are also not the sort of "peculiar circumstances" that courts rarely invoke to permit failure to comply with notice requirements. *See Hyde v. Caputo*, 2001 WL 521699, at *13-14 (E.D.N.Y. May 11, 2001) (stating that notice requirements are "strictly construed by New York state courts" and that, while "waiver or estoppel" has been recognized to prevent dismissal for failing to comply, dismissing state law claims when plaintiff "has not responded to defendants' contention that he failed to file a notice of claim" nor alleged any such 'peculiar circumstances'" (citing *Salesian Soc'y, Inc. v. Village of Ellenville*, 41 N.Y.2d 521, 522 (1977))). Plaintiff's common law claims must be dismissed. *See, e.g.*, *Campbell v. Rackoff*, 2014 U.S. Dist. LEXIS 124553, at *57 (E.D.N.Y. Jan. 27, 2014) (dismissing plaintiff's state law claims when he insufficiently justified failing to file a Notice of Claim), *report and recommendation adopted*, 2014 WL 4199722 (E.D.N.Y. Aug. 22, 2014); *see also* Mem. 17-18.

Plaintiff also does not dispute that her NYSHRL and NYCHRL claims are, for purposes of this motion, governed by the same legal standards as her ADA claim. *See* Mem. 16-17. Therefore, for the same reasons discussed above with regard to Plaintiff's ADA claim, these claims must also be dismissed for failing to plausibly state a claim. *See* Mem. 16-17 (collecting cases dismissing under both statutes when there was no reason to believe the standards were different); *see also* Section I *supra*.

### III. The Amended Complaint Should Be Dismissed With Prejudice

Even with multiple opportunities—including to amend her pleadings and additional time to provide opposition papers and further allegations in response to the instant motion—Plaintiff's allegations, taken together, still do not state a plausible claim for a violation under the ADA. Another amendment would not cure all the legal insufficiencies discussed above. Since further

"leave to amend is unlikely to be productive," the Amended Complaint should be dismissed with prejudice. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *see also, e.g.*, *Wallace v. Conroy*, 945 F. Supp. 628, 639 (S.D.N.Y. 1996) (dismissing with prejudice when additional amendments "could not cure the deficiencies in the original complaint").

## CONCLUSION

For the foregoing reasons and for those set forth in NYCT's opening memorandum of law, the Amended Complaint should be dismissed with prejudice.

Dated: New York, New York
April 9, 2024

Respectfully submitted,

PAIGE GRAVES
General Counsel
METROPOLITAN
TRANSPORTATION AUTHORITY

By: /s/ Jeremy E. Schiffres
Jeremy E. Schiffres
METROPOLITAN
TRANSPORTATION AUTHORITY
Sr. Associate Counsel
2 Broadway, 24th Floor
New York, New York 10004
Tel: (646) 252-7381
jeremy.schiffres@mtahq.org

*Attorney for Defendant MTA
New York City Transit*

9